UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | |
|---|---|
| ARTURO DANIEL ARANDA, § § Petitioner, § § v. § § BOBBY LUMPKIN, Director, Texas § Department of Criminal Justice, Cor- § rectional Institutions Division, § § Respondent. § | CAUSE NO. 6:89-cv-00013 CAPITAL HABEAS CASE |

**MOTION FOR SUBSTITUTION OF APPOINTED COUNSEL**

TO THE HONORABLE KENNETH M. HOYT, UNITED STATES DISTRICT JUDGE:

Petitioner Arturo Daniel Aranda moves this Court to substitute the Federal Public Defender for the Western District of Texas, through her Capital Habeas Unit, as Mr. Aranda's attorney-in-charge. Mr. Aranda submits the substitution is in the interests of justice and therefore is appropriate under 18 U.S.C. § 3599(a)(2) and (e), *Martel v. Clair*, 565 U.S. 648 (2012), and Local Rule 83.2. The reason: the current attorney-in-charge lacks the specialized experience and practical resources to effectively represent Mr. Aranda in post-federal habeas litigation and clemency proceedings as required by § 3599(e).

Mr. Aranda was convicted of capital murder and sentenced to death in Victoria County in 1979. The trial can only be called cursory as the liability phase consumes only 40 pages of transcription. Although Mr. Aranda's brother Juan fired the fatal

bullet, Juan received a parole-eligible life sentence, and Mr. Aranda was sentenced to death.

In 1989, this Court appointed James K. Kearney as attorney-in-charge and Bruce Locke as local counsel.[1] Order, ECF Doc. 11. Pursuant to § 3599(e), Mr. Kearney and Mr. Locke must continue in their appointed roles unless and until they have been "replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant." § 3599(e). The Supreme Court held in *Clair* that the "interests of justice" standard should govern district courts' decisions on motions for substitution under § 3599(e). 565 U.S. at 658.

The interests of justice favor the requested substitution in this case. Post-federal habeas capital cases impose unique demands on counsel. The requirements for filing a second state or federal habeas application and obtaining a stay of execution in Texas are onerous and require specialized knowledge of statutes that have received relatively little judicial construction. *See* Tex. Code Civ. P. art. 11.071, § 5; Court of Criminal Appeals Misc. Order 11-003; 28 U.S.C. § 2244(b)(2); 5th Cir. R. 8.10. The timeframe for seeking clemency in Texas and for amending a petition also imposes significant burdens on counsel. Mr. Kearney is largely unfamiliar with these matters. Moreover, his location out of state makes it impractical, at best, for him to serve as Mr. Aranda's lead attorney at this stage of the case.

---

[1] Messrs. Kearney and Locke were appointed under the then-recently enacted Anti-Drug Abuse Act of 1988. Anti–Drug Abuse Act, 102 Stat. 4393–4394, 21 U.S.C. §§ 848(q)(4)–(10) (1988 ed.) (recodified at 18 U.S.C. § 3599 (2006 ed. and Supp. IV)).

Mr. Locke was appointed as local counsel only, but his State Bar information indicates he now lives in El Dorado Hills, California, and practices law in Sacramento. It appears that Mr. Locke has not done any work on this case for decades. There are nine docket entries dated from October 10, 2018, through May 21, 2020, recording that mail sent to Mr. Locke was returned as undeliverable. Clearly, Mr. Locke can no longer serve as local counsel. The CHU can provide counsel who are members of the bar of this Court, familiar with the local rules, and who can appear on Mr. Aranda's behalf with only a few hours' notice.

Section 3599(a)(2) of Title 18 provides that death-sentenced habeas petitioners are "entitled to the appointment of one or more attorneys and the furnishing of such other services" as may be necessary to their case. *See also* General Order 2018-18, § XIV.F.1 ("CJA Plan"). This Court's CJA Plan recognizes the "complex, demanding, and protracted nature" of capital habeas cases such as this. Gen. Order 2018-18, § XIV.F.2. Accordingly, the CJA Plan contemplates the appointment of "at least two attorneys," *ibid.*, the recommendation of the Federal Public Defender, *id.* at § XIV.F.3, and the appointment of qualified out-of-district Defender staff, *id.* at § XIV.F.4.

In 2017, the Fifth Circuit authorized the Federal Public Defender for the Western District of Texas to create the CHU and authorized the CHU to seek appointments in cases throughout Texas. The CHU is staffed by capital habeas attorneys with a range of experience in federal and state courts. The CHU also employs investigators, mitigation specialists, and paralegals. As an independently funded office,

3

the CHU can provide Mr. Aranda the investigative and expert assistance to which he is entitled, 18 U.S.C. § 3599(f), without burdening this Court or the Fifth Circuit.

## CERTIFICATE OF CONFERENCE

On April 18, 2024, undersigned counsel for Petitioner conferred with counsel for Respondent, Assistant Attorney General Stephen Hoffman, who authorized Petitioner to state that Respondent does not oppose the relief sought in this Motion.

FOR THESE REASONS, Petitioner respectfully requests this Court sign the attached proposed order.

DATED: April 18, 2024  Respectfully submitted,

MAUREEN FRANCO
FEDERAL PUBLIC DEFENDER

 /s/ Tivon Schardl
TIVON SCHARDL
Chief, Capital Habeas Unit
TXSD Bar No. 3145499
SBOT No. 24127495
Federal Defender Office
919 Congress, Suite 950
Austin, Texas 78701
737-207-3008 (tel.)
512-499-1584 (fax)
tivon_schardl@fd.org

 /s/ James Kevin Kearney
JAMES KEVIN KEARNEY
Womble Bond Dickinson (US) LLP
8350 Broad Street
Suite 1500
Tysons, VA 22102
703-394-2214
Email: James.Kearney@wbd-us.com

Attorneys for Petitioner

## CERTIFICATE OF SERVICE

    I hereby certify that on the 18th day of April 2024, I electronically filed the foregoing Petitioner's Motion for Substitution of Appointed Counsel and proposed order with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel for record.

                                                  *Tivon Schardl*
                                                  TIVON SCHARDL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | | |
|---|---|---|
| ARTURO DANIEL ARANDA, | § § § | |
| Petitioner, | § § | |
| v. | § § § | CAUSE NO. 6:89-cv-00013 |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**O R D E R**

Petitioner moves this Court to substitute the Capital Habeas Unit of the Federal Public Defender for the Western District of Texas as attorney-in-charge in place of attorney James Kearney, and as local counsel in place of attorney Bruce Locke. The State does not oppose the substitution. The Court finds the substitution is in the interests of justice, and the motion should be GRANTED. Accordingly,

1. The Federal Public Defender for the Western District of Texas, through her Capital Habeas Unit, is appointed as attorney-in-charge.
2. Attorney James Kearney will remain appointed as co-counsel.
3. The appointment of Bruce Locke as local counsel is terminated.

SO ORDERED.

Signed this _____ day of April 2024.

_____
HON. KENNETH M. HOYT
U.S. DISTRICT JUDGE